United States v. Thomas Hoey Good morning, Your Honors. I'm Robert Rosenthal for Thomas Hoey. This case turned on the presence or absence of good faith. That's the ultimate question here. Absent the evidence that we're challenging, there was plenty of evidence on which the jury could have made that determination. The evidence that we are challenging is evidence of the defendant's less seemly pursuits and interests that turned that decision into a character decision. Well, but isn't the essence of this case whether this guy, who certainly took money out of a fund and put it in general funds, then took money out and used it for his own purposes? Isn't that the essence of this case? Yes. Yes. And that's why you wouldn't concede that when the other side asked it. Well, did he do that? Because had you conceded that, you would have given up the whole case. But at that point, isn't his lifestyle directly relevant to that issue? I don't think so. I think there was enough evidence with mundane purchases for the jury to have said there was no good faith here. We didn't have to add Well, but, yeah, there might have been evidence that was less scurrilous about him, and there was evidence that was more scurrilous about him, which the district court excluded. So the district court exercised its judgment as to what was sufficiently probative and excluded things which were particularly prejudicial. Isn't that typically the kind of thing we let a district court do? Now, I've never been a district judge, so I wouldn't know, but isn't that just exactly what we would? Well, I think even if we allow that, the judges' reasoning was conflicting. We kept out evidence of prostitutes because, one, it was illegal, but, two, it would cast a balancing. He thought that the evidence of prostitutes was even more prejudicial and therefore exercised his discretion to keep it out. Well, for the reason, though, that if the jury heard that he was cheating on his wife, they would find against him because of his adultery, but then allowed in a considerable amount of testimony of a girlfriend, an apartment that he kept for her, and a life that he lived with her, which was far more flaunting, was the trial judgment. This is a highly deferential, abusive discretion standard that we apply here, right? It is. His expenditures that were proven seemed likely to have been paid for from the company proceeds that then diluted or reduced all the company assets and left no place to go but the pension fund. So it's part of the overall picture here. Absolutely. But it's a category, my argument is it's a category of expenses that was unnecessary and character. Well, but he was also arguing good faith. He was saying, I was acting in good faith, we needed the money, we took it out to help support the company. Wasn't the government entitled to then show that in fact he was using it on his girlfriend? That undermined his argument of good faith? But if we look at McCallum as there is... Is that a reasonable argument? It's a reasonable argument, but I think the balance was wrong because I think McCallum requires the court to say... But if it's a question of balance, as you've just said, haven't you just told us that then it's up to the district court? I mean, it is a question of balance. Is it enough to show some of his outlandish purchases? Is that enough to show that he didn't have good faith and he wasn't doing it most of the time? Does he have to show instead that some of it was really for cocaine use because that really goes beyond or cocaine use because that really goes beyond? Well, I think at some point then we say that 403 decisions can't be appealed because the court is always making some balance. Well, I got to say that there are darn few that we reverse. And I've had problems with that in the past, but you can't show me an awful lot of them that we've reversed where the court has clearly made a 403C. I wouldn't disagree. I would not disagree. If I can touch on just two things briefly, the restitution point, I don't think it's axiomatic that the first crime that occurred before the statute of limitations is part of a continuing course. This could very well be three individual episodes. The company had a negative balance. He saw money in the ERISA fund. He took it to cover the balance, almost to the dollar at the first one. Eleven months later, now inside the statute of limitations, the company had a negative balance and he did it again. This is very different than a continuing scheme where... What standard of review are we under? It's an under planar. It's a planar, yes. But it is a different thing than somebody having a same scheme and constantly making phone calls to the same people, constantly borrowing money from... But we have said that wire fraud can readily be a continuing... Absolutely can be. But I would say that's not settled in this case. It may also not be. And I think that's it. We are asking for the court to remand or to reverse for a new trial and also to remand for resentencing as the government concedes is appropriate. Thank you. Thank you. May it please the court. Daniel Trani for the government. I represent the government on appeal and represent the government at trial. I'll be happy to answer any questions the court may have about the defendant's pro se arguments, but unless the court has any questions, I will focus on the counseled arguments. As the court noted, Judge Engelmeyer carefully considered the evidence that is being challenged now on multiple occasions and did not abuse his very broad discretion in concluding that the defendant's spending... You make much in your brief of the fact that you offered not to introduce this testimony if they agreed that he had used this money for his private purposes, right? Your Honor, just one aspect of the evidence, and that was evidence that the... All coming in primarily through the government's final witness who was the defendant's driver. And so there was evidence presented about the nature of the spending, sort of frivolous entertainment, travel, real estate, and the like. There was also evidence that certain of that spending was for and went through a particular individual who was the defendant's public girlfriend. The government stipulated to... Offered to stipulate around the fact that he had this public girlfriend, so the evidence would have come in. The stipulation would have been that without describing her as a girlfriend to eliminate any potential prejudice, that the defendant's spending being personal in nature, isn't that admitting guilt? That might very well be, Your Honor. I'm not saying that you didn't have a right to do that, but I don't quite see the argument of saying, oh, well, he could have done that and therefore have avoided this, because I don't see how he could have avoided that without pleading guilty. I'm not saying your ultimate argument that this was admissible fails. I just don't understand the weight given that, oh, well, he could have accepted something less, because something less was saying, I plead guilty, thank you, hang me. That's fair, Your Honor, except this is the way the defendant chose to spend his money and this is the way the defendant chose to defend himself at trial. There was plenty of evidence that the money went to himself through other means. There was evidence that, for example, he took cash out of the company. That's different from saying that the spending was for him personally and that the spending was not for the benefit of his employees. The stipulation, I take your point, Your Honor, I just wanted to say this money that's going over here is effectively his, and whatever he does with it at that point, it's not being used for the benefit of the pension plan employees. I also wanted to — Can you address the restitution argument, please, and the statute of limitations, the notion that restitution order was too broad because it included takings that happened before that were not actionable and not charged in the indictment? This was a series of different withdrawals and they were all of a similar type, but it's unlike an embezzlement that was occurring monthly on an ongoing basis. There were interruptions here and some paybacks in between. Why is it appropriate for us to, or for the district court to order restitution as to the amounts outside of the statute? Certainly, Your Honor. The district court's decision was correct and it certainly was not plainly erroneous. As you've described the scheme, it was a series of embezzlements. That was one of the charges. Count 1 was embezzlement from a pension fund. We are not suggesting here, nor did we suggest in the district court that the embezzlement count was a continuing offense. However, he was also charged with wire fraud, which is charging the scheme. While that scheme involved the same transactions, the same embezzling transactions, it's a different offense. The offense here was that he engaged in a scheme to defraud his employees. That scheme involved the embezzling transactions. It also involved the statements that were What exactly is a scheme? What is the scheme? It's an idea that he acts on several different times. He is engaged in a scheme to defraud his employees. That scheme was carried out through a series of transactions. Courts have suggested numerous... He had done it 10 years before as well and taken money out of the pension fund. That would be properly included in the restitution order. It could be, Your Honor. It depends on the fact of the case. To the extent wire fraud isn't categorically considered a continuing offense, which again, this was not raised in the district court. What evidence that this wire fraud was a continuing offense would you have been able to introduce if they had objected? One of the things that plain error rule is about is to keep people from gaming you, from not making the objection. Then when you don't bring evidence, say, well it wasn't there. I'm kind of interested in what you could have shown had they actually made an objection. We're actually in a little bit of a different circumstance in this case because there actually was a statute of limitations argument that was made pre-trial. Judge Engelmeyer ruled against the defendant and concluded that wire fraud in this case was a continuing offense. In any event, the evidence would have come in for any number of other purposes. The indictment charged it as a scheme from 2009 to July 2012. That's correct, Your Honor. In one count. That's correct, Your Honor. There was litigation over whether the indictment needed to be redacted. There was litigation over whether evidence of the June 2009 transaction should come in at all. In the course of that litigation, Judge Engelmeyer determined that this particular wire fraud scheme was a continuing offense. It's an offense that began in June 2009. It's an offense that continued throughout, at a minimum, the last embezzlement, but frankly probably continued past that. Given that determination, it is not plain error for the district court to have concluded that for calculating restitution, the entire amount of that fraud, the entire amount of the embezzlement, should be included in restitution. One other point on plain error review here, if there ever were a case to uphold a decision on plain error review under the fourth prong of plain error analysis, it's here. What the defendant is trying to do is to avoid compensating the victims of his crime fully for the amount of his embezzlement, the amount of his fraud. There is no way, there's no possibility of concluding that requiring the defendant to repay his employee victims disparages the integrity, fairness, or public reputation of the judicial proceedings. Now, if we were to hold that and hold it strictly on plain error review, and then he comes back and makes, he is quite capable of acting pro se, as we've seen, an inadequacy of counsel, would the issue be reopened? I don't think so, Your Honor. He's obviously perfectly entitled to make whatever claims he wants to make. There was no inadequacy of counsel here. This was an issue that had been litigated. It frankly wasn't really a, would not have been a persuasive argument to make before Judge Engelmeyer that his offense . . . But you're now getting away from your fourth prong, because if you want us to hold it on the fourth prong, then you can't be saying that it's the other thing, that it was correct, and there was no error. To be clear, Your Honor, I think this can be upheld on no error, on error that was not plain. I'm just also pointing out that in this case . . . I was asking, if it was the fourth prong, does it just come back to us? I don't believe so, Your Honor. I still believe if this is going to be a 20-55 on ineffective assistive counsel grounds, there would be any number of other hurdles that the defendant would have to get past in order to establish that his very able counsel was ineffective in this case. Thank you. We'll hear the rebuttal. All right. Thank you. We will reserve decision.